HENRIETTE ADLER, Respondent, *v.* EDWARD LUMLEY, Appellant.

*Mechanic's lien upon a monument in a cemetery — the court has not power to extend the statutory time for its filing.*

The court has not the power to extend the time within which notice of a mechanic's lien to secure payment for a monument erected in a cemetery may be filed under chapter 418 of the Laws of 1897, by an order permitting the notice of lien to be filed with the cemetery superintendent *nunc pro tunc* as of a date earlier than that of the order.

APPEAL by the defendant, Edward Lumley, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of October, 1899, permitting the plaintiff to serve a notice of lien on the person in charge of the cemetery where the monument in

controversy herein is situated, *nunc pro tunc*, as of the 23d day of January, 1899.

*Albert L. Cohn*, for the appellant.

*Robert L. Turk*, for the respondent.

WILLARD BARTLETT, J.:

This is an action to enforce a mechanic's lien on a monument alleged to have been purchased by the defendant from the plaintiff and erected in Cypress Hills Cemetery, in the borough of Brooklyn, on or about the 15th day of August, 1897.

Article III of the Lien Law provides that a person furnishing or placing in a cemetery or burial ground a monument, gravestone, inclosure or other structure, has a lien thereon for the agreed price thereof or the part remaining unpaid, with interest, upon filing with the superintendent or person in charge of such cemetery or burial ground a notice of lien as therein prescribed. " Such notice may be filed at any time after the completion of the work, but must be filed within one year after the agreed price for furnishing or placing such monument, gravestone, inclosure or other structure becomes due." (Laws of 1897, chap. 418, §§ 40, 41.) The plaintiff's notice of lien, instead of being filed with the superintendent or person in charge of Cypress Hills Cemetery, as required by the statute, was filed with the clerk of the county of Kings on the 23d day of January, 1899. The plaintiff's attorney having ascertained this fact, made an application to the Supreme Court in October, 1899, for leave to file said notice of lien with the cemetery superintendent *nunc pro tunc*, and this application has resulted in the order appealed from.

The learned judge at Special Term expressed some doubt as to the power of the court to make the desired order. We think that his doubts in this respect were well founded. That portion of the Lien Law which relates to liens on monuments, gravestones and cemetery structures, does not contain any provision for extending the duration of such liens, as may be done by judicial order in the case of mechanics' liens. (Laws of 1897, chap. 418, § 16.) The statute is clear and positive in requiring that the notice of lien shall be filed with the superintendent or person in charge of the cemetery

or burial ground, and that it must be filed within one year after the agreed price becomes due. The order which the court has assumed to make, permitting the notice of lien to be filed with the cemetery superintendent *nunc pro tunc,* cannot be regarded as a proceeding in the action. There is no provision for any such proceeding, either in the Lien Law or in the Code. The order is a judicial fiat, wholly outside the suit, for which no warrant can be found in any legislative enactment to which we have been referred. We are of the opinion that the court was without jurisdiction to give the leave which it thus assumed to grant.

The order must, therefore, be reversed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.